IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Randall White, #5421-004, | ) | |
| | ) | Case No. 6:18-cv-585-MBS-KFM |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **OPINION AND ORDER** |
| William B. Traxler, Jr.; A. Bradley Parham; | ) | |
| Randy Lee Smith; Miramar Police Department; | ) | |
| Benjamin Thomas Stepp; Lance Armstrong; | ) | |
| Enterprise Car Rental; Courtyard Marriott; | ) | |
| Holiday Inn, Inc.; Days Inn; Bell Telephone | ) | |
| Company; William M. Catoe, Jr.; Hilton Hotel, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Plaintiff Randall White ("Plaintiff") is a former inmate of the Bureau of Prisons who is currently housed at Residential Reentry Management (RPM) Miami in Miami, Florida. Plaintiff, proceeding pro se, brought the underlying action against Defendants William B. Traxler, Jr. (Former United States District Judge for the District of South Carolina); A. Bradley Parham (Assistant United States Attorney); Randy Lee Smith (Special Agent with the Drug Enforcement Administration); Miramar Police Department; Benjamin Thomas Stepp (Federal Public Defender); Lance Armstrong (Attorney for Plaintiff during appeal); Enterprise Car Rental; Courtyard Marriott; Holiday Inn, Inc.; Days Inn; Bell Telephone Company; William M. Catoe, Jr. (former United States Magistrate Judge); and Hilton Hotel(s). Plaintiff brings this action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 397 (1971) alleging violations of his civil rights. ECF No. 15. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Kevin F. McDonald for pretrial handling.

# I.    RELEVANT FACTS AND PROCEDURAL HISTORY

On October 1, 1998, after a jury trial, Plaintiff was found guilty of conspiring to possess with intent to distribute cocaine. Case No. 2:98-cr-00293, ECF No. 104.  On January 31, 1999, Judge William B. Traxler sentenced Plaintiff to 400 months imprisonment. Case No. 2:98-cr-00293, ECF No. 131. On October 29, 2015, this court ordered that Plaintiff's sentenced be reduced to 292 months pursuant to retroactive amendments to the United States Sentencing Guidelines. Case No. 2:98-cr-00293, ECF No. 266. Plaintiff brought the instant action on February 28, 2018. ECF No. 1.

On March 15, 2018, the Magistrate Judge issued a proper form order, giving Plaintiff until April 5, 2018 to bring his complaint into proper form for service. ECF No. 5. On April 30, 2018, the Magistrate Judge issued a second proper form order, giving Plaintiff until May 21, 2018 to comply. ECF No. 13. Plaintiff filed an amended complaint on May 17, 2018. ECF No. 15. Plaintiff's amended complaint alleges that those associated with his 1998 arrest, conviction, and sentencing and appeal deprived him of his civil rights.[1] ECF No. 15-1 at 5.  Specifically, Plaintiff alleges that "each of the herein named Defendants knew or should have known that they were violating Plaintiff's Fourth, Fifth, Sixth, and Eighth Amendment rights." Id.

## II.    MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The Magistrate Judge filed a Report and Recommendation on June 1, 2018. ECF No. 23. The Magistrate Judge recommended that Plaintiff's complaint be dismissed with prejudice and without issuance and service of process for several reasons. First, the Magistrate Judge found

---

[1] Plaintiff names several private companies as Defendants. In his amended complaint, Plaintiff asserts that these companies "each provided Plaintiff's personal information to the Office of the DEA without benefit of a subpoena or a search warrant." ECF No. 15-1 at 7.

that a <u>Bivens</u> action is subject to no federal statute of limitations. <u>Id.</u> at 5. However, the Magistrate Judge elaborated that the statute of limitations for the analogous state personal injury action would apply; in South Carolina, that statute of limitations would be three years. <u>Id.</u> The Magistrate Judge therefore found that Plaintiff's claim is sixteen years too late. <u>Id.</u>; see S.C. Code Ann. §15-3-530(5). Second, the Magistrate Judge found that, even if Plaintiff's claim was not time barred, <u>Heck v. Humphrey</u>, 512 U.S. 477, 478 (1994), would apply. <u>Id.</u> at 6. Specifically, the Magistrate Judge found that pursuant to <u>Heck</u>, a prisoner cannot file a § 1983/ <u>Bivens</u> action if a successful outcome in the action would imply that the prisoner's conviction or sentence is invalid, unless the conviction or sentence has been successfully challenged. <u>Id.</u> The Magistrate Judge found that Plaintiff has not successfully challenged his conviction or sentence; thus, <u>Heck</u> bars Plaintiff's suit. <u>Id.</u> Pursuant to <u>Diamond v. Colonial Life & Acc. Ins.</u> Co., 416 F.3d 310 (4th Cir. 2005), Plaintiff was advised of his right to file objections to the Report and Recommendation. <u>Id.</u> at 8.

Plaintiff filed objections to the Report and Recommendation on June 11, 2018. ECF No. 25. Plaintiff contends that the Magistrate Judge made "many EGREGIOUS ERRORS" in his Report and Recommendation. <u>Id.</u> at 1. First, Plaintiff asserts that the Magistrate Judge is "re-characterizing his Constitutional claims by rephrasing the claims and then addressing ONLY part of the claim . . . ." <u>Id.</u> Second, Plaintiff states that the Magistrate Judge used facts "based solely on the Presentence Report," and that the present suit will reveal more facts. <u>Id.</u> at 2. Third, Plaintiff contends that the Magistrate Judge's finding that <u>Bivens</u> and § 1983 actions are analogous is incorrect. <u>Id.</u> Plaintiff indicates that the Magistrate Judge's Report and Recommendation is inconsistent;

> In the last paragraph on Page 4 of the Magistrate's R&R, it states that the amended complaint should be dismissed because it is clear on its face that it is time

barred by the state statute of limitations. Then, on Page 5 of the R&R, the second paragraph begins by stating, "With regard to any §1983 claim, there is no federal statute of limitation.

Id.

In the alternative, Plaintiff action argues that his claim is not time barred, as he suffers an "'ongoing tort.'" Id.

Fourth, Plaintiff argues that Heck does not apply in this case, as Plaintiff's suit would not draw into question the validity of his conviction. Id. at 4. Fifth, Plaintiff asserts that the Report and Recommendation "DOES NOT address the claims and FACTS before the Court in the Bivens pleadings." Id.

## III.    LEGAL STANDARDS

### A.  Review of the Report and Recommendation

The Magistrate Judge makes only a recommendation to this court.  The recommendation has no presumptive weight and the responsibility for making a final determination remains with the court. Mathews v. Weber, 423 U.S. 261, 270 (1976).  The court reviews de novo only those portions of a Magistrate Judge's Report and Recommendation to which specific objections are filed and reviews those portions to which there are no objections – including those portions to which only "general and conclusory" objections have been made – for clear error.  Diamond, 416 F.3d at 315; Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983); Opriano v. Johnson, 687 F.2d 44, 77 (4th Cir. 1982).   The court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

### B. <u>Bivens</u> Actions and § 1983

42 U.S.C. § 1983 provides a vehicle through which plaintiffs can seek relief for violations of their civil rights.  The statute states, in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C. § 1983.

As the text of the statute makes clear, § 1983 does not apply to violations committed by federal officials. <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 814-20 (1982). Plaintiffs wishing to sue for violations committed by federal officials are therefore required to make a claim pursuant to <u>Bivens</u>, 403 U.S. 388, which serves as the federal equivalent to a claim under § 1983. <u>Farmer v. Brennan</u>, 511 U.S. 825, 834 (1994).  Actions filed under § 1983 and <u>Bivens</u> do not have express statutes of limitations; however, "federal courts generally apply the most appropriate state statute of limitations to a <u>Bivens</u> claim." <u>Hoffman v. Tuten</u>, 446 F. Supp. 2d 455, 459 (D.S.C. 2006).

### C. Application of <u>Heck v. Humphrey</u>

In <u>Heck v. Humphrey</u>, the Supreme Court held that in order for a plaintiff to successfully recover damages in a suit alleging an unconstitutional conviction or an unconstitutional sentence, he or she must show that such a conviction "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." 512 U.S. 477 at 486-87.

# IV.    DISCUSSION[2]

Plaintiff asserts that, because the Magistrate Judge finds that there is no federal statute of limitations for a <u>Bivens</u> claim, it follows that Plaintiff's claim is not time barred. As the Magistrate Judge correctly found, the relevant statute of limitations for a civil claim that involves a violation of "the rights of another" is three years. S.C. Code Ann. § 15-3-530(5).  Because Plaintiff's claim involves issues connected to his arrest, conviction, sentencing, and appeal, the court finds that the statute of limitations would have commenced running on February 1, 1999, the date on which judgment became final. As such, the statute of limitations expired on February 1, 2002, as the Magistrate Judge correctly found.

Plaintiff further alleges that <u>Heck</u> does not apply to his case. Plaintiff's claim centers on issues related to his arrest, conviction, and sentencing. In fact, as part of his complaint, Plaintiff explicitly states that he "was sentenced to a sentence enhancement that constitutes cruel and unusual punishment." ECF No. 15-1 at 6. A successful outcome in this suit would imply that Plaintiff's conviction and sentence are invalid.  The court agrees with the Magistrate Judge, and finds that <u>Heck</u> applies.

---

[2] In addition to the grounds mentioned by the Magistrate Judge, the court finds that other grounds for dismissal exist. As to Defendants Traxler and Catoe, judicial immunity applies. The doctrine of judicial immunity gives judges immunity from suit when such judges are performing judicial acts. <u>Stump v. Sparkman</u>, 435 U.S. 349 (1978). A judicial act is deemed to be an act that is normally performed by a judge, and that was expected by the parties involved to be a judicial act. Id. at 362. The causes of action against Defendants Traxler and Catoe mentioned in this claim appear to be judicial acts.   As to Defendants Parham and Armstrong, prosecutorial immunity applies. The doctrine of prosecutorial immunity gives prosecutors full immunity from civil actions stemming from their governmental duties.  <u>Imbler v. Pachtman</u>, 424 U.S. 409 (1976). Plaintiff does not show that Defendants Parham and Armstrong were performing anything other than their governmental duties.

As to Plaintiff's remaining objections, the court finds that they are general and conclusory. The court has thoroughly reviewed the Report and Recommendation, and finds no error.

On June 11, 2018, Plaintiff filed a motion for an evidentiary hearing. ECF No. 27. Because the court has dismissed this matter, Plaintiff's motion is denied as moot.

## V. CONCLUSION

The court ADOPTS the Magistrate Judge's Report and Recommendation and incorporates it herein by reference. ECF No. 23. This matter is hereby DISSMISSED with prejudice and without issuance and service of process. Plaintiff's motion for an evidentiary hearing, ECF No. 27, is DENIED as moot.

IT IS SO ORDERED.

<u>/s/ Margaret B. Seymour</u>
Margaret B. Seymour
Senior United States District Court Judge

Dated: December 10, 2018
Charleston, South Carolina